# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50282-8-II |
| Respondent, | |
| v. | |
| EDWARD COCOM-VAZQUEZ, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Edward Cocom-Vazquez appeals his convictions for one count of dealing in depictions of a minor engaged in sexually explicit conduct in the first degree and two counts of possession of depictions of a minor engaged in sexually explicit conduct in the first degree. He contends the trial court violated the appearance of fairness doctrine for comments made during the CrR 3.5 hearing. Cocom-Vazquez further argues the sentencing court erred by imposing an unconstitutionally vague sentencing condition barring unauthorized use of electronic media and by listing the wrong bench trial date on his judgment and sentence. We affirm Cocom-Vazquez's convictions, but accept the State's concession of error on the sentencing issues and remand for the sentencing court to either strike or clarify the sentencing condition and correct the bench trial date on the judgment and sentence.

## FACTS

Detectives traced downloaded images of minors engaged in sexual activity to Cocom-Vazquez's computer. The computer contained software to allow the images to be shared. After executing a search warrant on the computer and an attached hard drive, detectives discovered

numerous images and videos of minors engaged in sexually explicit conduct. After reading Cocom-Vazquez his *Miranda*[1] rights, detectives interviewed Cocom-Vazquez, who admitted that his computer contained images of child pornography and a file-sharing program.

Cocom-Vazquez was born in Mexico and his native language is Maya. He also speaks some Spanish.

The State charged Cocom-Vazquez with one count of dealing in depictions of a minor engaged in sexually explicit conduct in the first degree and two counts of possession of depictions of a minor engaged in sexually explicit conduct in the first degree.

Cocom-Vazquez filed a motion to suppress his confession. Cocom-Vazquez argued he did not knowingly, intelligently, and voluntarily waive his *Miranda r*ights before confessing because his rights were read to him in Spanish instead of Maya.

During the hearing, Washington State Patrol Lieutenant Randy Hullinger testified that he was fluent in Spanish and read Cocom-Vazquez his *Miranda* rights before Cocom-Vazquez confessed. Hullinger studied Spanish in the United States for several years and then lived in Argentina for two years. Hullinger first engaged Cocom-Vazquez in conversation in Spanish and could understand Cocom-Vazquez and believed Cocom-Vazquez could understand him. Hullinger felt "very comfortable" understanding and communicating with Cocom-Vazquez. 1 Report of Proceedings (RP) at 49.

At the conclusion of Hullinger's testimony, the trial court stated that it had "a few questions" and that the trial court spoke Spanish "a little bit" and wanted the lieutenant to translate several words from Spanish to English. 1 RP at 75. The trial court spoke some words and phrases in Spanish and asked Hullinger to translate them into English. Hullinger translated the words:

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Translate, lawyer, spouse, signature, do you understand, to clarify, to look for, accent, month, image, and child pornography. Defense counsel did not object and stated that he did not have any further questions.

Cocom-Vazquez testified at the hearing with the assistance of both a Spanish and Maya interpreter. During Cocom-Vazquez's testimony, the trial court interjected with a question for the Maya interpreter, "Well, let me clarify, because I thought I heard something (speaking Spanish) somewhere in there, and I didn't hear that in the translation." 1 RP at 167. The interpreter responded, "Yeah, this interpreter is only interpreting what this interpreter is interpreting." 1 RP at 167. The trial court answered, "Correct. Okay. All right." 1 RP at 167.

Defense counsel then called Nancy Brewer-Conta, a Spanish interpreter who interviewed Cocom-Vazquez prior to trial and opined that Cocom-Vazquez could "get around on a day-to-day basis using Spanish" but he may not have understood some of his *Miranda* rights when they were read to him by Hullinger. 2 RP at 241. Defense counsel asked several questions about the difference between Spanish in Mexico, where Coco-Vazquez grew up, and Spanish in Argentina where Hullinger lived for two years. The trial court commented to defense counsel, "Counsel, we need to finish at the end of the day. I'm aware of some general dialectic and grammatical difference. For example, the use of the informal (Court speaks Spanish) in an Argentinean Spanish; so don't want to waste a lot of time on this. Let's get to the most germane points." 2 RP at 249. At the conclusion of Brewer-Conta's testimony, the trial court again spoke some words in Spanish and asked her to translate them into English. Brewer-Conta translated the words: Eleven, fifteen, telephone, bank, account, documents, police, law, lawyer, and television. Defense counsel did not object.

3

The trial court concluded that Cocom-Vazquez's statements were made to police after a knowing and voluntary waiver of his *Miranda* rights and that the statements were admissible. In its oral ruling, the trial court stated, "I will also note that during the course of these proceedings, I have listened during the relay translating and I noted several important words that appear to be identical to both Spanish and [Maya]; words that pertain to the advisement and alleged waiver of rights in responses given." 2 RP at 303. The trial court then denied Cocom-Vazquez's motion to suppress.

Following the trial court's order, Cocom-Vazquez filed a motion asking for recusal of the trial judge and to reopen the suppression hearing. Cocom-Vazquez argued that the trial court's use of Spanish during the hearing amounted to an impermissible reliance on matters outside the record and it would not be fair for the trial court to continue to preside over the matter. The trial court denied both motions. In its oral ruling, the trial court stated that its denial of the suppression motion "was not based on my use of interpretive skills[,]" rather the ruling was based "on the record that was made by the State and the Defense." 2 RP at 313. The court also entered written findings of fact and conclusions of law.

Cocom-Vazquez waived his right to a jury trial and the matter proceeded to a bench trial. The trial court found Cocom-Vazquez guilty as charged.

The sentencing court sentenced Cocom-Vazquez to 57 months and imposed the additional sentence condition that he have "[n]o unauthorized use of electronic media." Clerk's Papers (CP) at 202. The judgment and sentence states that Cocom-Vazquez's bench trial was held on "4/28/2017" when it actually occurred on March 27, 2017. CP at 183. Cocom-Vazquez appeals.

ANALYSIS[2]

I.    APPEARANCE OF FAIRNESS DOCTRINE AND ER 605

Cocom-Vazquez argues that the trial court violated the appearance of fairness doctrine during the CrR 3.5 hearing by interjecting the trial court's Spanish knowledge into the hearing contrary to ER 605. We disagree.[3]

Under the appearance of fairness doctrine, a judge must not be biased or give the appearance of bias. *State v. Solis-Diaz*, 187 Wn.2d 535, 539-40, 387 P.3d 703 (2017). Judges enjoy a presumption of "honesty and integrity." *State v. Chamberlin*, 161 Wn.2d 30, 38, 162 P.3d 389 (2007). The party asserting a violation of the appearance of fairness doctrine must make a showing of a judge's actual or potential bias sufficient to overcome this presumption. *Solis-Diaz*, 187 Wn.2d at 540. In evaluating the trial court's decision on recusal, the test is whether a reasonable observer who knows and understands the relevant facts would conclude that the parties received an impartial hearing. *Solis-Diaz*, 187 Wn.2d at 540.

Cocom-Vazquez unsuccessfully moved for recusal and to reopen the suppression hearing. Recusal lies within the trial court's discretion, and its decision will not be disturbed without a clear showing of an abuse of that discretion. *State v. Gentry*, 183 Wn.2d 749, 761, 356 P.3d 714 (2015).

---

[2] Cocom-Vazquez raises eight assignments of error in his opening brief, but only provides argument on four of those assignments (Nos. 1, 2, 7, and 8). When an appellant fails to raise an issue in connection with an assignment of error and fails to present any argument on the issue or provide any legal citation, we will not consider the merits of that issue. *State v. Olson*, 126 Wn.2d 315, 319, 893 P.2d 629 (1995).

[3] In general, a party may not raise an appearance of fairness doctrine argument for the first time on appeal. *State v. Blizzard*, 195 Wn. App. 717, 725, 381 P.3d 1241 (2016), *review denied*, 187 Wn.2d 1012 (2017). Here, defense counsel did not object during the suppression hearing to the trial court's comments and did not argue below that the appearance of fairness doctrine was violated. Nevertheless, since defense counsel filed a motion for recusal below based on the trial court's comments, we reach this issue.

A court abuses its discretion when a decision is manifestly unreasonable or made on untenable grounds or for untenable reasons. *State v. Perala*, 132 Wn. App. 98, 111, 130 P.3d 852 (2006).

ER 605 provides that "[t]he judge presiding at the trial may not testify in that trial as a witness." This may include when the trial judge does not formally testify, but inserts his or her own personal experience into the decision-making process. *Vandercook v. Reece*, 120 Wn. App. 647, 652 n.12, 86 P.3d 206 (2004).

But, "judges do not leave their common experience and common sense outside the courtroom door." *In re Estate of Hayes*, 185 Wn. App. 567, 598, 342 P.3d 1161 (2015). "The judicial system hopes for a judge possessing experience and knowledge of the workings of the world and the cogs of his community rather than a judge with a vacuumed mind." *Hayes*, 185 Wn. App. at 598.

Here, the trial court notified the parties that it spoke some Spanish. It asked for the translation of certain words from two of the Spanish-speaking witnesses. The trial court also asked Cocom-Vazquez's interpreter for clarification, stating, "I thought I heard something (speaking Spanish) somewhere in there, and I didn't hear that in the translation." 1 RP at 167. The trial court also commented to defense counsel, "Counsel, we need to finish at the end of the day. I'm aware of some general dialectic and grammatical difference. For example, the use of the informal (Court speaks Spanish) in an Argentinean Spanish; so don't want to waste a lot of time on this. Let's get to the most germane points." 2 RP at 249.

Following the trial court's denial of Cocom-Vazquez's motion to suppress, he filed a motion asking for recusal of the trial judge and to reopen the suppression hearing. The trial court stated that its ruling on the suppression motion was not based on the trial court's "interpretive

skills[,]" rather the ruling was based "on the record that was made by the State and the Defense." 2 RP at 313.

The above statements do not amount to trial court testimony in violation of ER 605; rather, they are comments based on common experience and common sense. The trial court's common experience and common sense are not required to be left "outside the courtroom door." *Hayes*, 185 Wn. App. at 598. Moreover, the trial court clarified that its order denying the suppression motion was based on the evidence and not the court's Spanish interpretation skills. Accordingly, Cocom-Vazquez does not overcome the presumption that the trial court acted with honesty and integrity. *See Solis-Diaz*, 187 Wn.2d at 540. A reasonable observer who knows and understands the relevant facts would conclude that Cocom-Vazquez received an impartial hearing. *See Solis-Diaz*, 187 Wn.2d at 540.

Therefore, there was no appearance of fairness doctrine violation and no violation of ER 605. The trial court did not abuse its discretion in denying Cocom-Vazquez's motion for recusal.

Based on our holding, we do not reach Cocom-Vazquez's argument that a different judge should hear this matter on remand.

II.     SENTENCING CONDITION

Cocom-Vazquez next argues the sentencing condition that he have "[n]o unauthorized use of electronic media" is void for vagueness. CP at 202. The State concedes that the condition is unconstitutionally vague or overbroad.[4] We accept the State's concession.

---

[4] While the State concedes that the condition is also overbroad, we only address appellant's argument that it is void for vagueness.

The guarantee of due process, contained in the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington Constitution, requires that legal prohibitions, such as sentencing conditions, not be vague. *State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015). A legal prohibition is unconstitutionally vague if (1) it does not sufficiently define the proscribed conduct so an ordinary person can understand the prohibition or (2) it does not provide sufficiently ascertainable standards to protect against arbitrary enforcement. *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018). A vague term can be made definite by clarifying language or an illustrative list. *Irwin*, 191 Wn. App. at 655.

On its face, the plain language of the electronic media condition is ambiguous. The condition does not inform an ordinary person what "unauthorized use" means and what qualifies as "electronic media." Therefore, the condition is unconstitutionally vague. The State correctly concedes this point. We accept the State's concession and remand to the sentencing court to either strike or clarify the condition.

III.    BENCH TRIAL DATE ERROR

Cocom-Vazquez next argues that the bench trial date on his judgment and sentence is incorrect. The State concedes that his judgment and sentence contains a clerical error that requires correction. We accept the State's concession.

The judgment and sentence lists the date of Cocom-Vazquez's bench trial as "4/28/2017." CP at 183. April 28, 2017 was actually the date of Cocom-Vazquez's sentencing hearing. His bench trial was March 27, 2017. The remedy for a clerical error in a judgment and sentence form is to remand to the trial court for correction. CrR 7.8(a); see RAP 7.2(e).

We affirm Cocom-Vazquez's convictions but remand to the sentencing court to either strike or clarify the electronic media sentencing condition and correct the bench trial date on the judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Worswick, P.J.

_____
Johanson, J.