**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.



# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, Respondent, v. GUADALUPE SOLIS-DIAZ, JR., Petitioner. | NO. 9 3 2 7 9 - 4 <br><br> EN BANC <br><br> Filed: JAN 1 2 2017 |

PER CURIAM—Guadalupe Solis-Diaz Jr. seeks review of a Court of Appeals decision vacating his sentence a second time and remanding for resentencing but declining to disqualify the sentencing judge. *State v. Solis-Diaz*, 194 Wn. App. 129, 376 P.3d 458 (2016). We grant review and reverse to the extent the Court of Appeals declined to disqualify the sentencing judge. In 2007, 16-year-old Solis-Diaz was tried as an adult in connection with a drive-by shooting in Centralia and was convicted of six counts of first degree assault, each with a firearm enhancement; one count of drive-by shooting; and one count of second degree unlawful possession of a firearm. Judge Nelson Hunt imposed a standard range sentence of 1,111 months, or 92.6 years, of imprisonment. After his judgment and sentence was affirmed on direct

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

appeal, Solis-Diaz filed a personal restraint petition challenging his sentence. The Court of Appeals ordered resentencing on the basis that trial counsel was ineffective in failing to obtain a sentencing report and properly inform the trial court that Solis-Diaz's case had been automatically declined to adult court as a result of his age and the nature of the charges. *See* RCW 13.04.030(1)(e)(v)(A) (offenders 16 or 17 years old automatically tried in adult court for serious violent offenses).

At resentencing, again before Judge Hunt, the State noted recent changes in the law that allowed the judge to consider an offender's youth in deciding whether to impose an exceptional downward sentence, and it asked Judge Hunt to conduct an individualized determination of the propriety of an exceptional downward sentence for Solis-Diaz. But ultimately the State urged the judge to impose the same standard range sentence of 1,111 months. Solis-Diaz requested an exceptional downward sentence of 180 months (15 years).

Judge Hunt again imposed a prison sentence of 1,111 months. In doing so, he commented on the Court of Appeals' holding that defense counsel had been ineffective in connection with the original sentencing. He found it insulting for the court to postulate that he would be "so ignorant, lazy, or stupid as to not know or inquire" why a teenage offender was in adult court, and that it was particularly insulting that the court presupposed that he did not "review the file or was so behind in the law not to know ... about the automatic adult jurisdiction" in Washington, and was even "ludicrous" given the judge's years practicing as a prosecutor and defense attorney and his work on juvenile justice issues. Verbatim Report of Proceedings at 34-35. Judge Hunt defended Solis-Diaz's attorney, opining that the attorney had not been ineffective in failing to obtain a presentence report. And he defended counsel's failure to call Solis-Diaz's friends and family to testify at sentencing, believing that "that sort of testimony is totally ineffective" and "not a sufficient basis on which to

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

fashion a mitigated sentence in any event." *Id.* at 36. Judge Hunt opined that the sentence he had previously imposed was "precisely what the Legislature intended" in the circumstances of this case and the only result that could withstand legal analysis when considering that there were no substantial and compelling reasons to deviate from the standard range. *Id.* at 37.

Further, after reviewing the history of criminal sentencing in Washington and the circumstances leading to the automatic adult jurisdiction statute, Judge Hunt commented that the legislature clearly intended severe sentencing for older teens who commit serious violent crimes, especially when multiple crimes are committed with a firearm, as occurred here. He said that he had reviewed the psychologist's report, and that he had been aware at the original sentencing that he could impose an exceptional downward sentence if there were substantial and compelling reasons for doing so. But he expressed his belief that the 1,111-month sentence served penological and legislative goals and deterred others from committing a similar crime. To bolster this point, he observed that there had been many gang-related crimes involving use of firearms in the area, but that "from the day [Solis-Diaz's] sentence was pronounced, there have been no similar crimes in Centralia" and that gang-related violence with firearms had been "virtually eliminated," suggesting the sentence he originally imposed had had deterrent effect. *Id.* at 43-44. Judge Hunt expressed his view that Solis-Diaz's assaults were not the result of youthful, impetuous recklessness, but rather the evidence showed they were done with premeditation and intent to inflict great bodily harm. The judge concluded that he had no legal authority to impose an exceptional downward sentence to mitigate the effect of the multiple offense policy or on the basis of Solis-Diaz's age. He emphasized that had defense counsel provided the additional information that the Court of Appeals identified in its opinion, he would not have imposed a mitigated sentence, noting that he was already aware of that

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

information and "imposed the sentence I did being fully informed of the legal consequences." *Id.* at 53.

Solis-Diaz appealed, and the Court of Appeals again vacated the sentence and remanded for resentencing, holding that Judge Hunt erred in not considering an exceptional sentence below the standard range on the basis of Solis-Diaz's youth and to mitigate the consecutive sentences required under the multiple offense policy. *Solis-Diaz*, 194 Wn. App. at 132. It directed the trial court on resentencing to conduct a meaningful, individualized inquiry into whether either factor should mitigate Solis-Diaz's sentence in light of recent case law. *Id.; see State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015) (youth as factor); *State v. Graham*, 181 Wn.2d 878, 337 P.3d 319 (2014) (multiple offense policy as factor). But the court declined Solis-Diaz's request to disqualify Judge Hunt from presiding over resentencing, noting that he could move to disqualify the judge on remand. *Solis-Diaz*, 194 Wn. App. at 132.

Solis-Diaz seeks this court's review, disputing the refusal of the Court of Appeals to disqualify Judge Hunt. Under the state and federal constitutions, a criminal defendant has the right to be tried and sentenced by an impartial court. U.S. CONST. amends. VI, XIV; WASH. CONST. art. I, § 22. Pursuant to the appearance of fairness doctrine, a judicial proceeding is valid if a reasonably prudent, disinterested observer would conclude that the parties received a fair, impartial, and neutral hearing. *State v. Gamble*, 168 Wn.2d 161, 187, 225 P.3d 973 (2010). The law requires more than an impartial judge; it requires that the judge also appear to be impartial. *Id.* The party asserting a violation of the appearance of fairness must show a judge's actual or potential bias. *Id.* at 187-88. The test for determining whether the judge's impartiality might reasonably be questioned is an objective test that assumes a reasonable observer knows and understands all the relevant facts. *Sherman v. State*, 128 Wn.2d 164, 206, 905 P.2d 355 (1995).

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Generally, a party seeking a new judge files a motion for recusal in the trial court, which allows the challenged judge to evaluate the grounds for recusal and permits the parties to develop a record adequate to determine whether the judge's impartiality might reasonably be questioned. *State v. McEnroe*, 181 Wn.2d 375, 386, 333 P.3d 402 (2014). But a party may seek reassignment for the first time on appeal, which is usually done where the trial judge "will exercise discretion on remand regarding the very issue that triggered the appeal and has already been exposed to prohibited information, expressed an opinion as to the merits, or otherwise prejudged the issue." *Id.* at 387 (footnotes omitted). The remedy of reassignment on appeal is available only in limited circumstances; even where a trial judge has expressed a strong opinion as to the matter appealed, reassignment is generally not available as an appellate remedy if an appellate opinion offers sufficient guidance to effectively limit trial court discretion on remand. *Id.* Erroneous rulings generally are properly grounds for appeal, not for recusal. *Id.* at 388. But where review of facts in the record shows the judge's impartiality might reasonably be questioned, the appellate court should remand the matter to another judge. *See Sherman*, 128 Wn.2d at 206.

Judge Hunt has extensive experience as a prosecutor and defense counsel and specific experience in juvenile justice. The record reflects both his knowledge of Washington law relating to sentencing generally and his knowledge of exceptional sentences for juveniles. But the record also reflects Judge Hunt's frustration and unhappiness at the Court of Appeals requiring him to address anew whether Solis-Diaz should be considered for an exceptional downward sentence on the basis of his age or the multiple offense policy. The judge's remarks at the first resentencing strongly suggest that, regardless of the information presented in mitigation, he is committed to the original standard range sentence of 1,111 months. Concern about whether on remand Judge Hunt could exercise discretion and consider mitigating

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

evidence with an open mind is heightened by the judge's statement that the length of the sentence he imposed has had a deterrent effect on incidents of gang-related gun violence in Centralia. These facts indicate Judge Hunt's impartiality might reasonably be questioned due to concerns about his ability to neutrally consider possible mitigating evidence that Solis-Diaz may present. In sum, Judge Hunt will be asked to exercise discretion on remand regarding the propriety of a sentence he has twice imposed, and the record reflects that he not only has strong opinions on sentencing generally and juvenile sentencing in particular, but also suggests he has already reached a firm conclusion about the propriety of a mitigated sentence in this case and may not be amenable to considering mitigating evidence with an open mind. These are precisely circumstances that justify remand of the matter to another judge.

We reverse the Court of Appeals to the extent it declined to disqualify Judge Hunt from presiding over Solis-Diaz's resentencing and remand to the superior court to hold resentencing proceedings before a different judge.