# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49922-3-II |
| Respondent, | |
| v. | |
| COLE TAYLOR RIFE, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, C.J. – Cole Rife appeals the sentence for his second degree assault and attempted

first degree burglary convictions, which was imposed after this court previously remanded for

resentencing. We hold that (1) Rife did not receive ineffective assistance when defense counsel

failed to request that the sentencing judge be recused because counsel's decision not to move for

recusal may have been strategic, and (2) the trial court did not fail to consider Rife's youth as a

mitigating factor in assessing his request for an exceptional sentence below the standard range.

Accordingly, we affirm Rife's sentence.

### FACTS

Rife was convicted of second degree assault and attempted first degree burglary,

committed when he was 18 years old. The convictions arose out of an incident in which Rife

attempted to force his way into a party in Lewis County. After being asked to leave, Rife tried to

kick down the door to the house where the party was occurring and then attacked a person

standing on the porch. Rife punched and kicked the victim in the face multiple times causing a broken jaw, chipped teeth, black eyes, and lacerations requiring five stitches.

*Judge's Relationship with Rife's Family*

Immediately before trial, the assigned judge, Judge Richard Brosey, stated that he had a relationship with Rife's family and discussed the issue with the parties:

> I believe, if I'm not mistaken, that I am acquainted with the defendant's family, specifically his mother and his aunt and his grandparents, and have been for many years. It might even be, if I went back far enough, that I may very well have conducted the ceremony when his mother and father were married, if I'm not mistaken. So if that is a problem from the State or the defense . . . then I will recuse and allow one of the other judges to hear it. That's something else you can talk with your client about.

Report of Proceedings (RP) (July 21, 2014) at 18. Judge Brosey added that 15 years earlier he had vacationed with Rife's grandparents and that Rife's aunt still cut his hair. But he stated that he knew Rife only by name. Judge Brosey did not believe he had a conflict of interest because the case involved a jury trial.

Defense counsel stated, "I don't think we have an issue, but I'll talk to Mr. Rife." RP (July 21, 2014) at 19. There was no further discussion of the matter on the record and the case proceeded to trial.

At sentencing, Judge Brosey suggested that he would have preferred not to have heard the case. He stated,

> [H]ad I any alternative other than to be the judge presiding over this case, I would not have chosen to do it. I would have had one of the other judges do it. Unfortunately, by the time that I realized just exactly who this defendant was, none of the other judges were available to do the trial, so I'm the one who ended up presiding over it.

RP (Aug. 27, 2014) at 18.

2

*Prior Sentencing and Appeal*

At his first sentencing hearing, Rife requested an exceptional sentence below the standard range based among other things on his youth. The trial court refused to consider the request, stating that sentences below the standard range were frequently reversed on appeal. The court stated, "I'm constrained by the SRA. I can't just do what I want to." RP (Aug. 27, 2014) at 22. The court sentenced Rife to a sentence within the standard range, 14 months for the assault charge and 19.5 months for the attempted burglary charge.

Rife appealed his conviction and sentence to this court. *State v. Rife*, No. 46638-4-II (Wash. Ct. App. June 1, 2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/46638-4.16.pdf, *review denied*, 186 Wn.2d 1027 (2016). The court rejected Rife's challenges to his convictions and affirmed those convictions. *Id.* at 1. Rife raised an appearance of fairness issue regarding Judge Brosey, but the court declined to address it because Rife did not preserve the issue in the trial court. *Id.* at 9. Regarding sentencing, Rife argued and the State conceded that the trial court erred in failing to consider an exceptional sentence below the standard range. *Id.* at 25. This court held that the trial court erred by refusing to exercise its discretion to even consider an exceptional sentence and on that basis remanded for resentencing. *Id.* at 25-26.

*Resentencing*

Judge Brosey presided over Rife's resentencing in January 2016. Rife did not request that Judge Brosey be recused.

Rife again requested an exceptional sentence below the standard range. He argued that under current law, a defendant's youth could justify a sentence below the standard range. He argued that youth may relate to the crime and diminish a defendant's culpability because of an adolescent's cognitive and emotional development. Rife pointed out that he was 18 at the time

3

of the offense and had only recently graduated from high school. He also emphasized that since the incident he had not reoffended and had taken steps in an attempt to better himself, including undertaking additional schooling.

The trial court imposed the same standard range sentence as at Rife's first sentencing. The court did not expressly mention Rife's youth. But the court concluded, "I've considered mitigating factors, and I don't believe there are any mitigating factors that would justify a sentence below standard range." RP (Jan. 4, 2017) at 17.

Rife appeals his sentence.

## ANALYSIS

A.   INEFFECTIVE ASSISTANCE OF COUNSEL

Rife argues that he received ineffective assistance of counsel because defense counsel did not request that the sentencing judge be recused from Rife's resentencing. We disagree.

1.   Legal Principles

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee criminal defendants the right to effective assistance of counsel. *State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). Defense counsel's obligation to provide effective assistance applies at sentencing. *State v. Phuong*, 174 Wn. App. 494, 547, 299 P.3d 37 (2013). We review ineffective assistance of counsel claims de novo. *Estes*, 188 Wn.2d at 457.

To prevail on an ineffective assistance claim, the defendant must show both that (1) defense counsel's representation was deficient and (2) the deficient representation prejudiced him or her. *Id.* at 457-58. Representation is deficient if, after considering all the circumstances, it falls below an objective standard of reasonableness. *Id.* at 458. Prejudice exists if there is a

4

reasonable probability that, except for counsel's errors, the result of the proceeding would have been different. *Id.* It is not enough that ineffective assistance conceivably impacted the case's outcome; the defendant must affirmatively show prejudice. *Id.*

We begin our analysis with a strong presumption that counsel's performance was effective. *Id.* To rebut this presumption, the defendant must establish the absence of any " 'conceivable legitimate tactic explaining counsel's performance.' " *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (quoting *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)). If defense counsel's conduct can be considered to be a legitimate trial strategy or tactic, counsel's performance is not deficient. *Estes*, 188 Wn.2d at 458.

The Sixth Amendment and article I, section 22 also guarantee that criminal defendants will be sentenced by an impartial court. *State v. Solis-Diaz*, 187 Wn.2d 535, 539-40, 387 P.3d 703 (2017). "Under the appearance of fairness doctrine, a judicial proceeding is valid only if a reasonably prudent, disinterested observer would conclude that the parties received a fair, impartial, and neutral hearing." *State v. Gamble*, 168 Wn.2d 161, 187, 225 P.3d 973 (2010). Under this doctrine, a presiding judge must actually be and also appear to be impartial. *Id.*

To determine whether a judge's impartiality might reasonably be questioned, we apply an objective test that assumes a reasonable person knows and understands all the relevant facts. *Solis-Diaz*, 187 Wn.2d at 540. The Code of Judicial Conduct provides guidance for judges and states that a judge "shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned," including where the judge has a personal bias or prejudice concerning a party. CJC 2.11(A)(1).

2.    Analysis

Here, defense counsel appears to have made a strategic decision not to request that Judge Brosey recuse himself.  Even though Rife may have had grounds to move for recusal, *see* CJC 2.11(A)(1), defense counsel could have believed that Judge Brosey's prior relationship with Rife's family would make Judge Brosey favor Rife and be sympathetic to him.

First, nothing in the record about Judge Brosey's prior relationship with Rife's family suggests that he would be biased *against* Rife.  Before trial Judge Brosey stated that he knew Rife's family after vacationing with Rife's grandparents, conducting the wedding ceremony for Rife's parents, and getting his hair cut by Rife's aunt.  It would be reasonable for a neutral observer, and for defense counsel, to take these comments as evidence of a potential bias *in Rife's favor*.  In fact, *the State* may have had a basis for requesting Judge Brosey's recusal.

Second, at Rife's first sentencing Judge Brosey stated that he believed that he could not impose an exceptional sentence downward because such sentences were consistently reversed, and because "I can't just do what I want to."  RP (Aug. 27, 2014) at 22.  These comments at least suggested that he might impose an exceptional downward sentence if he thought he had the authority to do so.  Once this court clarified that Judge Brosey had erred by not exercising discretion to consider an exceptional downward sentence, defense counsel may have believed that he would impose a more lenient sentence.

Further, Rife has not demonstrated that he was prejudiced by defense counsel's decision. He argues that he was prejudiced only because the trial court declined to find that any mitigating factors applied and because another judge may have imposed a different sentence.  But there is no indication that Judge Brosey would have recused himself – or that he would have been required to recuse himself – if Rife had made a recusal motion.  And Rife's argument that he

6

might have received a different sentence from a different judge is speculative and therefore cannot establish prejudice. Showing a conceivable effect on the outcome is not sufficient. *Estes*, 188 Wn.2d at 458.

Defense counsel may reasonably have decided that he preferred to have Judge Brosey resentence Rife instead of another judge. Accordingly, we hold that defense counsel did not provide ineffective assistance by failing to request Judge Brosey's recusal at resentencing.

B.    CONSIDERING YOUTH AT SENTENCING

Rife argues that the trial court erred by failing to consider Rife's youth as a mitigating factor during resentencing. We disagree.

1.    Legal Background

In general, a party cannot appeal a sentence within the standard range. *State v. Brown*, 145 Wn. App. 62, 77, 184 P.3d 1284 (2008); *see also* RCW 9.94A.585(1). The rationale is that a trial court that imposes a sentence within the range set by the legislature cannot abuse its discretion as to the length of the sentence as a matter of law. *Brown*, 145 Wn. App. at 78.

However, a defendant may appeal when a trial court has refused to exercise its discretion or relies on an impermissible basis for its refusal to impose an exceptional sentence downward. *State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017). It is error for a trial court to categorically refuse to impose an exceptional sentence downward or to mistakenly believe that it does not have such discretion. *Id.* Therefore, remand is the appropriate remedy when a trial court imposes a sentence without properly considering an authorized mitigated sentence. *Id.* at 58-59.

The Supreme Court has ruled that trial courts must have the discretion to consider a defendant's age during sentencing. In *State v. O'Dell*, the court noted that scientific studies have

shown that youth may mitigate a defendant's culpability. 183 Wn.2d 680, 695, 358 P.3d 359 (2015). The court concluded that "youth can, therefore, amount to a substantial and compelling factor, in particular cases, justifying a sentence below the standard range." *Id.* at 696. The court stated that a trial court errs when it fails to exercise its discretion to consider a defendant's age, which failure "is itself an abuse of discretion." *Id.* at 697.

However, the court in *O'Dell* also expressly stated that "age is not a per se mitigating factor" that automatically entitles young defendants to an exceptional sentence downward. *Id.* at 695. The court directed the trial court to consider whether youth diminished the defendant's culpability. *Id.* at 697. It stated that a defendant could make such a demonstration through the testimony of lay witnesses, and cited statements by the defendant's family and friends as relevant evidence. *Id.* at 697-98. However, the court did not specifically state the process by which trial courts were required to exercise discretion.[1]

2. Analysis

Here, Rife argued at his resentencing that his age was a proper basis for the trial court to impose an exceptional sentence downward. He urged the court to consider that he was only 18 years old at the time of the offense, but he did not otherwise suggest how his age played a role in the offense. Rife himself made no comments to the trial court and he did not introduce the comments of any character witnesses. The trial court acknowledged Rife's argument, but stated multiple times that, considering the circumstances, a standard range sentence was appropriate.

---

[1] More recently, the Supreme Court addressed considering youth at sentencing in *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017). The court held that the trial court was *required* to consider a juvenile defendant's youth in sentencing, even when the juvenile is sentenced as an adult and even for statutorily mandated sentences. *Id.* at 8-9, 21. However, the mandatory rule stated in *Houston-Sconiers* appears to apply only to juveniles, and not to young adults like Rife. *Id.* at 21. Rife does not argue that *Houston-Sconiers* applies here.

The trial court concluded, "I've considered mitigating factors, and I don't believe there are any mitigating factors that would justify a sentence below standard range." RP (Jan. 4, 2017) at 17.

The trial court's comments show that the court did not improperly refuse to exercise its discretion. The court considered the particular facts of the case, including Rife's youth, and concluded that the circumstances did not warrant an exceptional sentence. Under *O'Dell*, such consideration is all that was required. The court stated that it would not impose an exceptional sentence downward because it "[did not] believe there are any factors today to justify it." RP (Jan. 4, 2017) at 16. The court properly exercised its discretion, and Rife has not demonstrated that the court relied on an impermissible basis for its refusal to impose an exceptional sentence.

Rife argues that the trial court's consideration of his age was not meaningful, citing this court's opinion in *State v. Solis-Diaz*, 194 Wn. App. 129, 376 P.3d 458 (2016), *rev'd on other grounds*, 187 Wn.2d 535. In *Solis-Diaz*, this court stated that the trial court should account for a defendant's "sophistication and maturity," for example by considering evidence that the defendant thought and acted like a juvenile or evidence that the defendant exhibited growing maturity and would benefit from an opportunity for rehabilitation. *Id.* at 141. Rife emphasizes that the trial court here did not even acknowledge Rife's youth and did not expressly analyze whether youth should be a mitigating factor in sentencing.

However, Rife specifically argued that a defendant's youth could justify an exceptional sentence below the standard range, referencing the holding in *O'Dell* and this court's opinion in *Solis-Diaz*. He emphasized that because of adolescent cognitive and emotional development, youth could relate to the crime and could diminish culpability. Although the trial court did not mention Rife's youth specifically, the court stated that it had considered mitigating factors and did not believe that any mitigating factors justified a sentence below the standard range. *O'Dell*

9

does not require that a trial court specifically address a defendant's youth on the record or engage in any particular analysis, just that the court exercise its discretion to consider youth. 183 Wn.2d at 696-97.

We generally can reverse a standard range sentence only if the sentencing court refused to exercise its discretion to consider an exception sentence. *McFarland*, 189 Wn.2d at 56. There is no indication here that the trial court refused to exercise its discretion. Instead, the court simply refused to impose an exceptional sentence in the exercise of its discretion.

We hold that the trial court did not abuse its discretion in imposing a standard range sentence.

CONCLUSION

We affirm Rife's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

We concur:

JOHANSON, J.

MELNICK, J.