# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50633-5-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| MICHAEL DAVID KIBBEE, | |
| Petitioner. | |

MAXA, C.J. – Michael Kibbee seeks discretionary review of the superior court's affirmance of his district court convictions of violation of a protection order and telephone harassment with a domestic violence designation. The convictions arose from Kibbee's telephone call from a blocked number to his former wife Jan Fox's husband, Lee Fox, in which he stated that he heard Lee[1] had a brain tumor and that he hoped Lee would "mother-f***ing die." Report of Proceedings (RP) at 105.

We hold that (1) under RAP 2.3(d), discretionary review is not appropriate for Kibbee's sufficiency of evidence claim regarding his telephone harassment conviction; (2) as the State concedes, the State did not present sufficient evidence to prove that Kibbee's offenses constituted domestic violence because Lee was not a member of Kibbee's family or household;

---

[1] For clarity, this prehearing refers to Jan and Lee Fox by their first names. No disrespect is intended.

(3) the district court judge did not violate the appearance of fairness doctrine by her comments during arraignment about Kibbee's military service; and (4) Kibbee's appearance of fairness claim regarding his sentencing hearing is moot because he has completed his sentence. Accordingly, we affirm Kibbee's conviction, but we remand for the trial court to strike the domestic violence designations from Kibbee's judgment and sentence.

FACTS

*Initial Incident*

On January 6, 2016, Lee received a phone call from an unknown number. Lee recognized the voice on the call as Kibbee, although Kibbee apparently did not identify himself. Kibbee told Lee that he heard that Lee had a brain tumor and he hoped Lee would "mother-f-ing die." RP at 105. Kibbee repeated several times that he was glad Lee had a brain tumor and that he wanted Lee to die. Kibbee also called Lee a "mother-f-ing piece of F." RP at 120.

At the time, Lee had a restraining order against Kibbee. Lee called the police to report the violation of the protection order. The State charged Kibbee with violation of a protection order and telephone harassment. The State designated both charges as domestic violence offenses.

*Arraignment*

Kibbee was arraigned on February 22. At the arraignment, defense counsel noted that Kibbee was a Marine Corps veteran. The district court stated, "I know a lot of Marine Corp [sic] vets that go back to Viet Nam . . . and that doesn't mean that they have halos over their head, okay? And a lot of them were having troubles because a lot of them had control issues." RP at 7.

The district court noted that Kibbee had a history of violating protection orders. The district court stated, "I don't have any confidence . . . that you're going to follow any order that I

tell you at all." RP at 8. The court also stated, "So, you know, one of these things could be PTSD, it could be a lot of things, I don't know. I don't know what it is with you, but you don't follow orders." RP at 9.

The district court then released Kibbee without bail with the condition that he have no contact with Lee or Jan. The court concluded, "(Indiscernible) you're not some whack job that's going to go out and shoot somebody after this, so I hope you don't." RP at 9.

*Trial and Sentencing*

The jury convicted Kibbee of both charges. The jury also found that Kibbee and Lee were members of the same household or family.

Kibbee appeared at the subsequent sentencing hearing by video monitor from jail. The trial court imposed consecutive 364 days sentences on the two convictions. After completion of the hearing, Kibbee walked out of view of the camera. A corrections officer then walked into the view of the camera. As the officer walked back out of view, the court stated, "You better say goodbye." Video Recording (Dec. 15, 2016) at 34:00 min. The officer then returned and pulled down a sign which read "goodbye" above a big, yellow smiley face. The court laughed and clapped and said, "Bravo." RP at 224.

*RALJ Appeal*

Kibbee appealed his convictions to superior court. Kibbee argued on appeal that the district court had violated the appearance of fairness doctrine and that he had received ineffective assistance of counsel because defense counsel had not filed an affidavit of prejudice. The superior court ruled that the district court had not violated the appearance of fairness doctrine and Kibbee had not received ineffective assistance of counsel. Accordingly, the superior court denied Kibbee's appeal and affirmed his judgment and sentence. Kibbee did not argue in the

superior court that the evidence was insufficient to convict him of telephone harassment. Therefore, the superior court made no ruling on that issue.

Kibbee filed a motion for discretionary review, arguing that the district court violated the appearance of fairness doctrine by participating in a practical joke at his expense during the sentencing hearing. A commissioner of this court granted discretionary review on the appearance of fairness issue. Ruling Granting Review (Feb. 6, 2018) at 8. The commissioner also stated that Kibbee was free to raise sufficiency of the evidence arguments in his merits briefing because a defendant may raise a sufficiency of evidence for the first time on appeal. *Id.*

Defense counsel confirmed at oral argument that Kibbee has now completed his sentence.

ANALYSIS

A.    SUFFICIENCY OF THE EVIDENCE

Kibbee argues that that State did not present sufficient evidence to prove that he committed telephone harassment. He also argues, and the State concedes, that the State did not present sufficient evidence to prove that the convictions constituted domestic violence offenses. The State argues that discretionary review is not appropriate for Kibbee's sufficiency of evidence claims under RAP 2.3(d).

We agree with the State and hold that discretionary review is not appropriate for Kibbee's sufficiency of evidence claims. However, we exercise our discretion under RAP 1.2(a) to accept the State's concession regarding the domestic violence designation.

1.    Availability of Discretionary Review

Initially, the State argues that discretionary review is not appropriate for Kibbee's sufficiency of evidence claims because these claims do not fall within one of the grounds for granting discretionary review under RAP 2.3(d). We agree.

Our review of a superior court's decision on an RALJ appeal is limited to discretionary review under RAP 2.3(d). RALJ 9.1(h); *State v. Chelan County Dist. Ct.*, 189 Wn.2d 625, 644, 404 P.3d 1153 (2017). We will accept discretionary review only on one of four grounds:

(1) If the decision of the superior court is in conflict with a decision of the Court of Appeals or the Supreme Court; or

(2) If a significant question of law under the Constitution of the State of Washington or of the United States is involved; or

(3) If the decision involves an issue of public interest which should be determined by an appellate court; or

(4) If the superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by the court of limited jurisdiction, as to call for review by the appellate court.

RAP 2.3(d).

As the commissioner noted in the order granting discretionary review, a defendant may raise a sufficiency of evidence claim for the first time on appeal. RAP 2.5(a)(2). However, even sufficiency of the evidence claims must fall within one of the RAP 2.3(d) categories before we can accept discretionary review of those claims.

Regarding Kibbee's sufficiency of evidence claims, subsection (1) of RAP 2.3(d) is inapplicable because the superior court did not render a decision on Kibbee's sufficiency of evidence claims. Subsection (2) is inapplicable because although sufficiency of the evidence may have constitutional implications, here these claims do not involve *significant* questions of constitutional law. Subsection (3) is inapplicable because these claims do not involve issues of public interest. And subsection (4) is inapplicable because the district court did not depart from accepted judicial proceedings regarding sufficiency of the evidence.

The order granting discretionary review stated that Kibbee was free to raise a sufficiency of the evidence claim in his briefing. Ruling Granting Review at 8. To the extent that this statement can be interpreted as granting discretionary review on the sufficiency of the evidence claims, the commissioner erred. We hold that discretionary review on the sufficiency of the evidence claims was improvidently granted.

We decline to consider Kibbee's sufficiency of evidence claim regarding his telephone harassment claim. However, the State concedes that there was insufficient evidence to support the domestic violence designations. Therefore, we exercise our discretion under RAP 1.2(a) to consider that claim.

2.   Domestic Violence Designations

Under RCW 9.94A.525(21)[2], a misdemeanor conviction for an offense that was designated as domestic violence may count against a defendant's offender score in a subsequent sentencing for domestic violence. For an offense to be designated as a crime of domestic violence the defendant and victim must be members of the same family or household. RCW 10.99.020(5)[3]. RCW 10.99.020(3) defines members of the same family or household as people who are spouses, former spouses, related by blood or marriage, have a child in common, reside together or have resided together in the past, are in a dating relationship, or have a biological or legal parent-child relationship.

---

[2] RCW 9.94A.525 was amended in 2017. Because those amendments do not affect our analysis, we cite to the current version of the statute.

[3] RCW 10.99.020 was amended in 2019. Because those amendments do not affect our analysis, we cite to the current version of the statute.

Here, Lee and Kibbee were not family or household members as defined in RCW 10.99.020(3), and the State did not present any evidence that Kibbee and Lee ever were family or household members. Lee testified that Kibbee was his wife's former husband. But the State concedes that a relationship with someone who has a family or household relationship with the defendant does not bring Lee within the meaning of RCW 10.99.020(3).

Accordingly, we hold that the State did not present sufficient evidence to prove that Kibbee's convictions were domestic violence offenses.

### B.    APPEARANCE OF FAIRNESS

Kibbee argues that the district court judge violated the appearance of fairness doctrine based on her comments about his military service during the arraignment and her response when the corrections officer displayed the sign that read "goodbye" at the end of his sentencing hearing. We disagree regarding the judge's conduct at arraignment and conclude that the issue regarding the judge's conduct at sentencing is moot.

#### 1.    Legal Principles

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee that criminal defendants will be sentenced by an impartial court. *State v. Solis-Diaz*, 187 Wn.2d 535, 539-40, 387 P.3d 703 (2017). "Pursuant to the appearance of fairness doctrine, a judicial proceeding is valid if a reasonably prudent, disinterested observer would conclude that the parties received a fair, impartial, and neutral hearing." *Id.* at 540. Under this doctrine, a presiding judge must actually be impartial and also appear to be impartial. *Id.* The question is "whether the judge's impartiality might reasonably be questioned." *Id.*

To make this determination, we apply an objective test that assumes a reasonable person knows and understands all the relevant facts. *Id.* The party asserting a violation has the burden of showing evidence of a judge's actual or potential bias. *Id.*

2. Arraignment Hearing

Kibbee argues that the district judge's comments at his arraignment demonstrated a bias against former Marines. He claims that the judge demonstrated a preconceived notion that Marine Corps veterans have control issues and do not follow orders.[4]

At the arraignment, defense counsel noted Kibbee's military service as a Marine. The judge stated that she knew other Marine Corps veterans who had issues with controlling their behavior. The judge speculated that Kibbee's history of violating protection orders could be related to post-traumatic stress disorder. And the judge sought an assurance that Kibbee was not a "whack job" who was going to go out and shoot somebody.

However, there is no indication that the judge's comments affected her decision-making or reflected any bias or animosity towards veterans generally or towards Kibbee personally. The judge recited some of Kibbee's history of violating protection orders, and stated that this history was the reason she did not have confidence that Kibbee would follow a protection order in the future. Further, the judge then released Kibbee on his own recognizance without requiring bail.

We determine that an objective observer would conclude that Kibbee received a fair and impartial arraignment hearing. Accordingly, we reject Kibbee's appearance of fairness claim based on that hearing.

---

[4] In the facts section of his brief, Kibbee also references an incident in which the district judge sharply criticized defense counsel for appearing late to a pretrial hearing and for his attitude toward the court. However, Kibbee presents no argument that this interaction violated the appearance of fairness doctrine. And nothing in the record suggests that this interaction had any effect on the judge's attitude toward Kibbee.

3.  Sentencing Hearing

Kibbe argues that the judge's response to the corrections officer's sign after sentencing violated the appearance of fairness.  But Kibbee was sentenced to serve two years in December 2016, and he has now completed his sentence.  Therefore, we must address whether his claim regarding the sentencing hearing is moot.

A case is moot if an appellate court no longer can provide effective relief.  *State v. T.J.S.-M.*, 193 Wn.2d 450, 454, 441 P.3d 1181 (2019).  The expiration of a sentencing term renders a sentencing issue moot.  *Id.*  We generally decline to consider moot issues.  *Id.*

We may address a moot issue if the case involves an issue of continuing and substantial public interest.  *Id.*  We consider three factors in determining if an issue affects a continuing and substantial public interest: (1) whether the question presented is of a public or private nature, (2) the importance of an authoritative determination to guide public officers, and (3) whether the question is likely to recur in the future.  *Id.*  We conclude that this issue is not one of continuing and substantial public interest.

Accordingly, we decline to consider the moot issue regarding Kibbee's sentencing hearing.

## CONCLUSION

We affirm Kibbee's convictions, but we remand for the trial court to strike the domestic violence designations from Kibbee's judgment and sentence.

No. 50633-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____

MAXA, C.J.

We concur:

_____

MELNICK, J.

_____

GLASSGOW, J.