# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53721-4-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| BRIAN M. BASSETT, | |
| Appellant. | |

MAXA, J. – In 1996, a jury found Brian Bassett guilty of three counts of aggravated first degree murder for the deaths of his father, mother, and younger brother. Bassett committed the crimes when he was 16 years old. Bassett's original sentence was three consecutive terms of life in prison, and at his first resentencing the trial court again imposed three life terms. After the Supreme Court held that a life sentence for a juvenile was unconstitutional, the trial court at Bassett's second resentencing imposed a sentence of 60 years confinement. Bassett appeals his sentence.

We stayed this appeal pending the Supreme Court's decision in *State v. Haag*, No. 97766-6, ___ Wn.2d ___, ___ P.3d ___ (Wash. Sept. 23, 2021), https://www.courts.wa.gov/opinions/pdf/977666.pdf. The court has now issued an opinion in *Haag*, ruling that a 46-year sentence for a juvenile offender was a de facto life sentence that violated article I, section 14 of the Washington Constitution and the Eighth Amendment to the United States Constitution. *Id.* at ¶ 48.

We hold that (1) the trial court's 60-year sentence here was an unconstitutional de facto life sentence, (2) the trial court did not err in denying Bassett's motion for immediate referral to the parole board, and (3) the case must be assigned to a different judge for resentencing. Accordingly, we reverse Bassett's sentence and remand for resentencing before a different judge.

FACTS

*Background*

Bassett was convicted in Grays Harbor Superior Court of three counts of aggravated first degree murder for the murders he committed when he was 16 years old. The trial court sentenced Bassett to three consecutive terms of life in prison without possibility of parole, the mandatory sentence under existing law.

*First Resentencing Hearing*

In 2012, in *Miller v. Alabama*, the United States Supreme Court declared that mandatory life sentences without parole for juveniles were unconstitutional under the Eighth Amendment. 567 U.S. 460, 479, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

In response, the Washington legislature in June 2014 passed what is known as the *Miller*-fix statute, RCW 10.95.030. *State v. Bassett*, 192 Wn.2d 67, 74, 428 P.3d 343 (2018). RCW 10.95.035(1) required that juveniles sentenced before *Miller* to life in prison without parole under the former mandatory scheme, like Bassett, be resentenced under this new statute. In addition, RCW 10.95.030(3)(b) required that resentencing courts "take into account mitigating factors that account for the diminished culpability of youth as provided in *Miller*."

In 2015, Bassett – who was then 35 years old – appeared for resentencing pursuant to the *Miller*-fix statute. He offered mitigation information, including evidence that he had been rehabilitated since he was a teenager. The trial court rejected most of the mitigation evidence

and resentenced Bassett to three consecutive life without parole sentences. The court stated, "I don't believe that any amount of time in prison is going to ever result in [Bassett] being rehabilitated such that he could safely return to any community." Report of Proceedings (Jan. 30, 2015) at 93.

*Bassett's Appeal*

Bassett appealed his sentence. This court held that Bassett's sentence was unconstitutional, and the Supreme Court affirmed this court's decision. *Bassett*, 192 Wn.2d at 72. The court concluded that "sentencing juvenile offenders to life without parole or early release constitutes cruel punishment" under article I, section 14. *Id.* at 91. Therefore, RCW 10.95.030(3)(a)(ii) was unconstitutional insofar as it allowed such a sentence. *Id.* The court further stated, "On remand, the trial court may not impose a minimum term of life as it would result in a life without parole sentence." *Id*.

*Second Resentencing Hearing*

In June 2019, Bassett – who was then 40 years old – appeared for resentencing before the same judge who resentenced him in 2015. In anticipation of the hearing, Bassett filed several pre-hearing motions, including motions for his case to be immediately referred to the parole board for a release hearing and for the recusal of the sentencing judge. The trial court denied both motions.

Bassett submitted a lengthy pre-sentence report. He requested that he be sentenced to three 25-year concurrent sentences for each crime and be allowed earned early release credit. Attached to the pre-sentence report was over 170 pages of supporting documentation. Bassett's mitigation evidence included evidence of his rehabilitation during imprisonment and his likelihood of success on parole. Bassett also provided extensive testimony from Dr. Mark

Cunningham, a clinical and forensic psychologist, regarding Bassett's immaturity at the time of the murders and his rehabilitation.

The trial court found that the evidence regarding Bassett's crimes outweighed the mitigating nature of Bassett's youthfulness and potential for rehabilitation and that Bassett was morally culpable for his crimes. The court imposed 25 years each for the murder of Bassett's mother and father to run concurrently and an additional 35 years for the murder of his brother to run consecutively with the two other terms, for a collective 60-year term of confinement.

Bassett appeals his sentence.

ANALYSIS

A.      DE FACTO LIFE SENTENCES FOR JUVENILES

Bassett argues that the 60-year sentence the trial court imposed constituted an unconstitutional de facto life without parole sentence. We agree.

As noted above, the Supreme Court in *Bassett* held that a sentence of life without parole for a juvenile offender was unconstitutional under article I, section 14 of the Washington Constitution. 192 Wn.2d at 91. And the court noted that this rule "applies not only to literal juvenile life without parole sentences but also to de facto juvenile life without parole sentences." *Id.* at 81 (citing *State v. Ramos*, 187 Wn.2d 420, 437-39, 387 P.3d 650 (2017)).

In *Haag*, the Supreme Court did not provide a bright line rule for how long a sentence must be to be deemed a de facto life sentence. However, the court held that a 46-year sentence constituted a de facto life sentence: "A sentence of 46 years to life amounts to a de facto life sentence for a juvenile offender because it leaves the incarcerated individual without a meaningful life outside of prison." *Haag*, No. 97766-6 at ¶ 42. Therefore, the sentence violated article I, section 14 and the Eighth Amendment. *Id.* ¶ 48.

4

Bassett's 60-year sentence far exceeds the 46-year sentence addressed in *Haag*.

Therefore, under *Haag* we hold that the trial court's sentence was unconstitutional.

B.      COMPLIANCE WITH RCW 10.95.030(3)(b) AT *MILLER* HEARING

Bassett argues that the sentencing court abused its discretion by failing to fully and

meaningfully consider all the mitigating factors it was required to consider under the *Miller*-fix

statute, RCW 10.95.030(3)(b).  Because we reverse and remand for resentencing, we need not

address this issue.

However, we note that the *Miller*-fix statute, RCW 10.95.030, will govern Bassett's

resentencing.  *See Bassett*, 192 Wn.2d at 74.  RCW 10.95.030(3)(b) provides:

> In setting a minimum term, the court *must* take into account mitigating factors that
> account for the diminished culpability of youth as provided in *Miller v. Alabama*,
> 132 S. Ct. 2455 (2012) *including*, but not limited to, [1] the age of the individual,
> [2] the youth's childhood and life experience, [3] the degree of responsibility the
> youth was capable of exercising, and [4] the youth's chances of becoming
> rehabilitated.

(Emphasis added).

In addition, the trial court should consider the specific resentencing guidance provided by

the Supreme Court in *Ramos*, 187 Wn.2d at 443-44, *State v. Delbosque*, 195 Wn.2d 106, 121,

456 P.3d 806 (2020), and *Haag*, No. 97766-6 at 13-15 [¶ 27-31].

C.      MOTION FOR REFERRAL TO PAROLE BOARD

Bassett also argues that the sentencing court abused its discretion by denying his motion

for immediate referral to the parole board so his immediate release could be considered.  We

disagree.

RCW 10.95.030(3)(a)(ii) provides:

> Any person convicted of the crime of aggravated first degree murder for an offense
> committed when the person is at least sixteen years old but less than eighteen years

old shall be sentenced to a maximum term of life imprisonment and a minimum term of total confinement of *no less than* twenty-five years.

(Emphasis added.) RCW 10.95.030(3)(c) provides:

During the *minimum term of total confinement*, the person shall not be eligible for community custody, earned release time, furlough, home detention, partial confinement, work crew, work release, or any other form of early release authorized under RCW 9.94A.728, or any other form of authorized leave or absence from the correctional facility while not in the direct custody of a corrections officer.

(Emphasis added.)

At the resentencing hearing, the trial court had to determine Bassett's minimum term of total confinement anew under the Supreme Court's mandate issued in *Bassett*. But under RCW 10.95.030(3)(a)(ii), the minimum term was required to be at least 25 years. In 2019, Bassett had not yet served 25 years in prison. Therefore, even if the trial court had imposed a minimum sentence of 25 years, Bassett would not have been entitled to release.

Bassett argues that denying him even the opportunity to have the parole board determine his suitability for release constitutes cruel punishment in violation of article I, section 14. But he cites no authority for this argument and provides no meaningful explanation why requiring a person convicted of aggravated first degree murder to serve at least 25 years before being considered for release is unconstitutional.

Bassett also suggests that the trial court had discretion to disregard the minimum term of confinement mandated in RCW 10.95.030(3)(a)(ii), citing *Bassett*, 192 Wn.2d at 81 and *State v. Houston-Sconiers*, 188 Wn.2d 1, 21, 391 P.3d 409 (2017). But even if his argument was correct, Bassett cites no authority for the proposition that a trial court can refer an offender originally sentenced to life in prison to the parole board before even resentencing him.

We hold that the trial court did not err in denying Bassett's motion for immediate referral to the parole board.

D.    REMAND TO A DIFFERENT JUDGE

Bassett requests that the case be assigned to a different judge on remand. We grant this request.

Reassignment to a new judge on remand is appropriate where the trial judge will exercise discretion on remand regarding the issue that triggered the appeal and has apparently prejudged the issue. *State v. Solis-Diaz*, 187 Wn.2d 535, 540, 387 P.3d 703 (2017). We remand to a different judge "where review of the facts in the record shows the judge's impartiality might reasonably be questioned." *Id*.

Here, at the first resentencing the sentencing judge imposed three life sentences even though he had authority under RCW 10.95.030(3)(a)(ii) to impose as low as a 25 year sentence. When the Supreme Court ruled that imposing a life sentence on a juvenile was unconstitutional, the sentencing judge imposed a 60-year sentence, which was the functional equivalent of a life sentence.

Under these circumstances, it is reasonable for an objective observer to conclude that the trial judge has prejudged the issue and at the third resentencing would look to impose the maximum constitutional sentence rather than fairly considering the factors required under the *Miller*-fix statute. Therefore, we remand to a different judge for resentencing.

CONCLUSION

We reverse Bassett's sentence and remand for the matter to be reassigned to a different judge for resentencing.

No. 53721-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

CRUSER, J.

VELJACIC, J.