# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>DAVID JONATHON CLARK,<br><br>Appellant. | No. 58391-7-II<br>(consolidated with No. 58397-6-II)<br><br><br><br>UNPUBLISHED OPINION |

GLASGOW, J.—David Jonathon Clark pleaded guilty to two counts of attempting to elude a pursuing police vehicle. At both the plea and sentencing hearings, Clark appeared in a courtroom inside the Cowlitz County jail, restrained in the same in-court holding cell that was at issue in *State v. Luthi*.[1] Clark did not object to his restraint in the holding cell and the trial court did not conduct an individualized inquiry about whether confinement in the holding cell was necessary.

Although both parties recommended concurrent sentences at the bottom of the standard sentencing range for both counts, the trial court sentenced Clark at the top of the standard range for both counts and imposed an exceptional sentence by running the sentences consecutively.

Clark appeals, arguing that the trial court violated his due process rights when it failed to conduct an individualized inquiry into whether restraint in the holding cell was necessary for courtroom security. He also argues that his trial counsel rendered ineffective assistance by failing

---

[1] 3 Wn.3d 249, 549 P.3d 712 (2024).

to object to his restraint in the holding cell. He requests remand for resentencing before a different judge, but he does not seek to withdraw his plea or otherwise seek reversal of his conviction.

We hold that the trial court erred by failing to conduct an individualized inquiry into whether restraining Clark in the holding cell was necessary for courtroom security, and that this was a manifest constitutional error reviewable for the first time on appeal. We remand for a new sentencing hearing. We deny Clark's request to require a different judge to preside over his resentencing.

FACTS

Clark was charged with two counts of attempting to elude a pursuing police vehicle based on two different incidents, one in 2021 and the other in 2023. Initially, Clark was also charged with third degree driving with a suspended license in the 2021 case and with reckless driving in the 2023 case. Clark had an extensive criminal history, resulting in an offender score of 17 points. The standard sentencing range for attempt to elude with an offender score of 9 and above was 22 to 29 months.

Clark and his defense counsel initially sought a Drug Offender Sentencing Alternative (DOSA). In exchange for Clark's agreement to plead guilty to the two counts of attempt to elude and stop seeking a DOSA, the State agreed to drop the other charges and recommend an exceptional downward sentence of 12 months and one day for each count. The trial court rejected this proposed sentence, so the parties renegotiated another plea agreement.

Clark eventually pleaded guilty to both counts of attempt to elude, and the parties jointly recommended a sentence of 22 months for each count, the bottom of the standard sentencing range.

2

The trial court accepted the guilty plea but delayed sentencing so that it could hear from the prosecutor who negotiated the plea agreement about the basis for the sentencing recommendation.

Both the plea and sentencing hearings were held in a courtroom inside the Cowlitz County jail. During both hearings, Clark was restrained in the same holding cell described in *State v. Luthi*:

> The holding cell appears to be located at the back or side of the Cowlitz County Jail courtroom, away from the table where counsel sits. The interior of the holding cell is roughly five feet wide, five feet deep, and eight feet long, with a "mesh window" on the right to allow defendants to speak with their attorneys, and a glass window on the left.
>  . . . .
> There is "[n]o recording device near [the] [d]efendant" inside the holding cell, although there is a small slit at the bottom of the mesh window to exchange paper work. There is also a chair or stool in the holding cell where the defendant may sit, but it is disputed whether a seated defendant can still easily view and participate in the proceedings. A corrections officer is typically inside the holding cell with the defendant during proceedings, and defendants are typically not shackled or handcuffed.

3 Wn.3d at 252-53 (alterations in original) (internal citation and photo omitted) (quoting record). Neither Clark nor his counsel objected to his restraint in the holding cell.

At sentencing, both parties emphasized that the plea deal was heavily negotiated, and that the State agreed to recommend a sentence at the bottom of the standard sentencing range in exchange for Clark forfeiting his ability to pursue a DOSA. Clark also spoke at sentencing, acknowledging that he had done wrong and could not solely blame addiction for his actions, but expressing an intent to improve himself in the future.

The trial court rejected the agreed sentencing recommendation and instead imposed exceptional upward sentences by imposing 29 months of confinement for each count, the top of the standard range, and then running the sentencing consecutively for a total of 58 months of confinement. The trial court stated that the exceptional consecutive sentences were based on the

"free crimes" aggravating factor of RCW 9.94A.535(2)(c) because Clark's offender score was well over the maximum of 9 points contemplated by the sentencing guidelines. The trial court also emphasized that attempts to elude law enforcement create a danger to the community.

Clark appeals his sentence but does not ask us to reverse his conviction.

ANALYSIS

I. RESTRAINT IN THE HOLDING CELL

Clark argues that the trial court violated his constitutional due process rights by failing to conduct an individualized inquiry into the use of the holding cell before his plea and sentencing hearings. Clark asserts, "Despite the lack of an objection, this is manifest constitutional error that may be raised for the first time on appeal." Br. of Appellant at 12. He emphasizes that the holding cell was the same one at issue in *Luthi*, where the Washington Supreme Court recently held that a trial court must conduct an individualized inquiry into whether the restraint is necessary for courtroom security before conducting *any* court proceeding with the defendant in the holding cell. 3 Wn.3d at 256. Accordingly, Clark argues that he is entitled to a new sentencing hearing before a different judge. He does not ask us to reverse his conviction.

The State responds that Clark did not suffer a manifest error affecting a constitutional right, and that accordingly he cannot raise this issue for the first time on appeal. The State reasons that Clark fails to show that any error had practical and identifiable consequences because "Clark was able to meaningfully participate in his sentencing hearing." Resp't's Br. at 6.

A.    Manifest Error

This court has discretion to "refuse to review any claim of error [that] was not raised in the trial court." RAP 2.5(a). However, a party may raise a "manifest error affecting a constitutional

4

right" for the first time on appeal. RAP 2.5(a)(3). "In order to benefit from this exception, 'the appellant must identify a constitutional error and show how the alleged error actually affected the [appellant]'s rights.'" *State v. Gordon*, 172 Wn.2d 671, 676, 260 P.3d 884 (2011) (alteration in original) (internal quotation marks omitted) (quoting *State v. O'Hara,* 167 Wn.2d 91, 98, 217 P.3d 756 (2009)). "A constitutional error is manifest if the appellant can show actual prejudice, i.e., there must be a 'plausible showing by the [appellant] that the asserted error had practical and identifiable consequences'" in the proceeding. *Id*. (alteration in original) (internal quotation marks omitted) (quoting *O'Hara*, 167 Wn.2d at 99). "If an error of constitutional magnitude is manifest, it may nevertheless be harmless," but the burden to show the error was harmless beyond a reasonable doubt rests on the State. *Id*.

"A defendant's right to appear in court free from unjustified restraints is well established as a matter of federal and state due process law." *Luthi*, 3 Wn.3d at 256. "To ensure the right to a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution and article I, section 22 of the Washington State Constitution," it is well settled that a defendant "'is entitled to appear at trial free from all bonds or shackles except in extraordinary circumstances.'" *State v. Jackson*, 195 Wn.2d 841, 852, 467 P.3d 97 (2020) (quoting *State v. Finch*, 137 Wn.2d 792, 842, 975 P.2d 967 (1999) (plurality opinion)). The right to appear in court without restraints extends to nonjury proceedings as well. *Id*. at 854.

The Supreme Court has explained, "it is apparent that the in-court holding cell at the Cowlitz County Jail courtroom is a restraint on defendants that undermines the presumption of innocence, the ability to consult with counsel, and the dignity of the proceedings" even when a jury is not present. *Luthi*, 3 Wn.3d at 261. "Thus, the in-court holding cell at the Cowlitz County

Jail courtroom raises the same due process concerns as other courtroom restraints, and controlling precedent recognizes that a defendant is entitled to due process at every courtroom appearance, not just jury trials." *Id*. at 263. Accordingly, the Supreme Court "reject[ed] the routine practice of requiring defendants to appear from an in-court holding cell where there has been no individualized finding that such restraint is necessary for courtroom security reasons." *Id*. The Supreme Court held that the trial court's failure to conduct an individualized inquiry into the use of the holding cell was a constitutional error. *Id*. The Supreme Court further observed that "it is difficult to see how the extreme prejudice created by the in-court holding cell could be outweighed by security concerns, given that (1) the courtroom is already located within a secure jail facility and (2) courts 'must consider less restrictive alternatives before imposing physical restraints.'" *Id.* at 263 n.7 (quoting *Finch*, 137 Wn.2d at 850).

Like *Luthi*, the trial court's failure to conduct an individualized inquiry into the use of the holding cell violated Clark's due process rights. *Id*. at 263; *Jackson*, 195 Wn.2d at 852. Nothing about Clark's current charges or criminal history, nor any other information in our record suggested Clark was a particular danger in the jailhouse courtroom, and the Supreme Court has expressed skepticism as to what danger could warrant use of the holding cell in an already secure facility, so an individualized inquiry would not have warranted restraint in the holding cell in this case. *See Luthi*, 3 Wn.3d at 263 n.7.

Moreover, the remarkable departure from the State's recommendation, made jointly with Clark, demonstrates prejudice as a result of this constitutional error: despite a plea deal that forfeited his ability to pursue a DOSA in exchange for recommended sentences at the bottom of the standard range, Clark received an exceptional upward sentence of two consecutive terms, each

at the top of the standard range. *See Gordon*, 172 Wn.2d at 676. Even though both parties advocated for a total sentence of 22 months, Clark was sentenced to almost three times that—58 months of confinement. Although we acknowledge there is no express mention of Clark's restraint during sentencing, the Supreme Court has called the resulting prejudice "extreme." *Luthi*, 3 Wn.3d at 263 n.7. The significant disparity between the agreed sentencing recommendation and the sentence Clark received amounts to a plausible showing of a practical and identifiable consequence arising from the constitutional due process violation Clark suffered by being restrained in the holding cell without an individualized inquiry into whether such restraint was necessary. *See id.* at 263; *Gordon*, 172 Wn.2d at 676.

Accordingly, we hold that Clark has shown he suffered a manifest error affecting a constitutional right supporting relief even though Clark failed to object below. We must next consider whether the error was harmless.

B.      Harmless Error

The State contends that any error arising from restraint in the holding cell was harmless because the sentencing judge already knew Clark was in custody and the courtroom itself was obviously inside the Cowlitz County jail. The State also emphasizes that the trial court's decision to impose an exceptional sentence was based on Clark's high offender score, not his custody status. We disagree.

We presume that a constitutional error prejudiced the defendant, and it is the State's burden to prove that a constitutional error was harmless beyond a reasonable doubt. *Gordon*, 172 Wn.2d at 676; *Jackson*, 195 Wn.2d at 856. The Supreme Court has already rejected the State's argument that the use of the holding cell was harmless because the courtroom was located inside the Cowlitz

County jail, "which is, itself, a prejudicial restraint." *Luthi*, 3 Wn.3d at 264. The Supreme Court reasoned, "We reject the State's suggestion that subjecting a defendant to two prejudicial restraints at the same time somehow negates the separate harm caused by each one." *Id*. The Supreme Court held that the use of the holding cell without an individualized inquiry was not harmless error. *Id*.

The State's only other harmless error argument is that the trial court based its decision to impose an exceptional sentence on Clark's high offender score, using the "free crimes" aggravating factor of RCW 9.94A.535(2)(c). While Clark's high offender score was the trial court's stated rationale for the exceptional sentence, this alone does not overcome the presumption of prejudice in this extraordinary circumstance where the defendant suffered a constitutional error, and the trial court imposed an exceptional upward sentence nearly three times as long as the parties' agreed sentencing recommendation. Furthermore, the "holding cell was clearly visible to the superior court judge, who may have been 'unconsciously prejudiced by the restraints at any point during the case.'" *Luthi*, 3 Wn.3d at 264 (quoting *Jackson*, 195 Wn.2d at 856). Thus, we hold that the use of the holding cell without an inquiry was not harmless error. We remand for Clark to receive a new sentencing hearing.

C.    Resentencing Judge

Clark asks that he be resentenced by a different judge. He argues "It is impossible to know the remaining risk of prejudice from implicit bias and how it may impact decision making since the court has already observed Clark in the unjustified restraint of the in-court holding cell and pronounced its sentence." Br. of Appellant at 35. We disagree.

"Generally, a party seeking a new judge files a motion for recusal in the trial court, which allows the challenged judge to evaluate the grounds for recusal and permits the parties to develop

a record adequate to determine whether the judge's impartiality might reasonably be questioned." *State v. Solis-Diaz*, 187 Wn.2d 535, 540, 387 P.3d 703 (2017). But a party may seek reassignment for the first time on appeal, which is permissible when "the trial judge 'will exercise discretion on remand regarding the very issue that triggered the appeal and has already been exposed to prohibited information, expressed an opinion as to the merits, or otherwise prejudged the issue.'" *Id.* (quoting *State v. McEnroe*, 181 Wn.2d 375, 387, 333 P.3d 402 (2014)). Appellate reassignment "is available only in limited circumstances; even where a trial judge has expressed a strong opinion as to the matter appealed, reassignment is generally not available as an appellate remedy if an appellate opinion offers sufficient guidance to effectively limit trial court discretion on remand." *Id.* "But where review of facts in the record shows the judge's impartiality might reasonably be questioned, the appellate court should remand the matter to another judge." *Id.*

Clark's argument that the judge may be under the influence of continued implicit bias on remand from seeing him in the holding cell previously does not rise to the level of demonstrating that the judge has prejudged the issue or that their impartiality might reasonably be questioned. *Id.* We decline to disqualify the same judge from presiding over Clark's resentencing. Clark is free to file a motion for recusal in the trial court.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Clark also argues that he received ineffective assistance of counsel because trial counsel failed to object to the use of the holding cell. Because we remand for resentencing based on the trial court's failure to conduct an individualized inquiry into the use of the holding cell, we do not reach this issue.

9

No. 58391-7-II

CONCLUSION

We remand for Clark to receive a new sentencing hearing. We deny Clark's request to disqualify the original sentencing judge.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
GLASGOW, J.

We concur:

_____
LEE, J.

_____
VELJACIC, A.C.J.

10